Filed 7/12/23  P. v. Napier CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KEITH L. NAPIER,<br><br>     Defendant and Appellant.</td><td>A165405<br><br>(Alameda County<br>Super. Ct. No. H54603)</td></tr>
</table>

Appellant Keith Napier (appellant) appeals from the trial court's order denying recall and resentencing under Penal Code section 1172.1.[1]  Appellant has not shown the court abused its discretion.

PROCEDURAL BACKGROUND

In September 2013, the Alameda County District Attorney filed an information charging appellant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1); aggravated mayhem (§ 205; count 2); and attempted murder (§§ 187, subd. (a), 664; count 3).  The information included allegations that appellant personally inflicted great bodily injury (permanent paralysis) (§ 12022.7, subd. (b)) and that appellant personally used a deadly and dangerous weapon (a knife) (§ 12022, subd. (b)(1)).  The information further

_____

[1] All undesignated statutory references are to the Penal Code.

alleged that appellant committed the offenses while on parole (§ 1203.085, subd. (b)), that he had served four prior prison terms (§ 667.5, subd. (b)), and that he had suffered two prior serious and violent felony convictions (§§ 667, subd. (a)(1), 667.5, subd. (a)).

In October 2014, appellant pleaded no contest to the assault charge and admitted the allegations that he had inflicted great bodily injury and had suffered a prior serious felony conviction. The plea was in exchange for a term of 14 years in prison and the dismissal of the remaining charges and allegations. The trial court sentenced appellant to the agreed-upon term, comprised of 4 years for the assault conviction, 5 years for the injury enhancement, and 5 years for the prior serious felony conviction.

In October 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended recall of appellant's sentence and resentencing under former section 1170, subdivision (d)(1) (now section 1172.1). The letter referenced an amendment to section 1385 giving the trial court discretion to dismiss an enhancement under section 667, subdivision (a)(1). In compliance with the procedures of section 1172.1, the trial court appointed counsel and held a hearing. In April 2022, the court denied recall and resentencing on the ground that appellant posed an unreasonable risk of danger to public safety.

The present appeal followed.

FACTUAL BACKGROUND

According to the probation officer's report, on the evening of June 4, 2012, Hayward police officers responded to a report of "a man down on the sidewalk." The officers learned from witnesses that the victim, appellant, and two others drove from Vallejo to a Motel 6 in Hayward, close to the location where the officers responded. "The victim was attempting to meet

2

up with his girlfriend who was staying at a Motel 6," and he used appellant's cell phone to stay in contact with her. The victim realized they were at the wrong Motel 6 location, and appellant "became enraged and began arguing with the victim[,] stating he was returning to Vallejo." The victim refused to return appellant's phone because he needed to communicate with his girlfriend.

Appellant "drove erratically out of the parking lot and stopped at" an intersection, "yelling at the victim." The victim and another person exited the car and began to walk back towards the Motel 6. The victim still had appellant's cell phone; appellant followed and demanded return of his phone. The victim refused. As the victim walked away, appellant "used a pointed weapon and stabbed the victim one time [i]n the back of his neck. . . . The victim fell to the ground." Appellant fled.

The stab "transected [the victim's] spinal cord[,] causing permanent paralysis." The victim "require[d] a ventilator tube, feeding tube and pacemaker to stay alive." The parties agree the victim died from his injury years later.

DISCUSSION

Section 1172.1, subdivision (a)(1) authorizes a court to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced" on the court's own motion (within 120 days after sentencing) or at any time upon a recommendation from the Secretary of the CDCR or other specified persons.

The goal of such resentencing is to "eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Section 1172.1, subdivision (a)(4) provides that, "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors,

3

including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, . . . and whether those circumstances were a contributing factor in the commission of the offense."

Because the Secretary of the CDCR recommended resentencing there is a "presumption favoring recall and resentencing of [appellant], which may only be overcome if a court finds [appellant] is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) states that " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." As relevant in the present case, that clause includes "Any homicide offense, including any attempted homicide offense." (§ 667, subd. (e)(2)(C)(iv)(IV).) We review the trial court's determination for an abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)

In denying recall and resentencing, the trial court stated, "I have very carefully considered this matter over a period of time, and . . . I've reviewed the material in this case thoroughly a couple of times. . . . [¶] I'm going to deny recall and resentencing. . . . [¶] I'm mindful that in this event that [appellant] and the victim . . . were acquaintances. They were socializing

4

together.  The victim had borrowed [appellant's] cellphone to call his girlfriend.  [Appellant] wanted the cellphone back.  The victim wasn't quick enough to return the cellphone.  [Appellant] responded by stabbing the victim in the back of the neck, which completely severed his spinal cord.  He nearly died from it, and over a period of seven or eight years, he was on a ventilator and deteriorating health and ultimately succumbed to these injuries and died as a result."

The court continued, "When I look at [the] kind[] [of] mitigating factors that are described in 117[2.1](a)(4), among other things, I should consider whether [appellant has] experienced psychological, physical, or childhood trauma.  He indicated in the probation report he suffered none of that.  He indicated his mental health was good.  His physical health was good . . . .  [¶] I'm just finding that the degree of violence here, he was on parole when this occurred, and . . . it was parole for assault with personal infliction of great bodily injury to somebody else.  [¶]  [Appellant] is just an extremely dangerous individual who has anger management issues to the extreme, and he's not safe for the community, and . . . I find that there's a real threat . . . of him committing another homicide offense or attempted homicide offense."

Appellant argues resentencing was justified due to his age (about 60 years old) and his good record during confinement.  He also argues the grant of discretion to trial courts to strike the five-year prior conviction enhancement is a change of circumstances supporting resentencing.  He also emphasizes the presumption in favor of resentencing.

None of those considerations show the trial court abused its discretion.  As the trial court explained, the record lacked significant mitigating factors such as those identified in section 1172.1.  In particular, appellant told the probation officer he had a stable upbringing and did not suggest he had

5

suffered any trauma that contributed to commission of the offense. (§ 1172.1, subd. (a)(4).) There was no indication appellant's age or physical health significantly reduced the risk of future violence. (*Ibid.*) The trial court was reasonably concerned about the extreme and disproportionate violence in the underlying offense and the possibility of a recurrence of such violence in the future, and the court appropriately pointed out that there were similar explosions of violence in appellant's criminal record. Although appellant's record during confinement was good, that did not negate the risk of future violence.

Appellant has not shown the trial court abused its discretion in denying recall and resentencing.

## DISPOSITION

The trial court's order is affirmed.

6

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A165405)